## No. 309
## JACOBY v. STATE
Ohio Court of Appeals, Summit County
No. 617. Jan. 4, 1923

CRIME—(1) Sufficiency of affidavit charging sale of adulterated meats—(2) Verdict not sustained by the evidence.

PARDEE, J.

### Epitomized Opinion

Jacoby was arrested for violating the pure food act. The affidavit charging him with the offense, in substance, charged taht the defendant unlawfully sold hamburger steak which contained an added sulphite whereby the said hamburger was colored and made to appear better and of greater value than it really was, contrary to the statute. Defendant was convicted in both the municipal court and the common pleas court. Error was prosecuted to the court of appeals upon the grounds that the affidavit was uncertain and indefinite and that the judgment was not sustained by the evidence. Held:

(1) A crime was charged in the affidavit as required by GC. 5778 and 12758.

(2) As there was insufficient evidence to sustain the charges in the affidavit that the meat was colored and made to appear better than it really was, the verdict and judgment were not sustained by the evidence.

Judgment reversed.

Attorneys—Myers and Gottwald, for Jacoby; Hagelbarger, for State.

## No. 310
## FIRST SAVINGS & TRUST CO. v. GOODMAN PIANO CO. et al
Ohio Court of Appeals, Cuyahoga County
No. 4139. Feb. 8, 1923

APPEAL—(1) The right to appeal but a portion of a case. MORTGAGES—(1) Priority betweeen mortgagee's claim and claim of creditor—Mortgage covering merchandise.

SAYRE, P. J.

(Sayre, Middleton and Mauck, JJ., 4th Dist Sitting)

### Epitomized Opinion

The First Savings and Trust Company held a first mortgage on the buildings and leasehold of the Goodman Piano Co. The Guaranteed Mortgage Co. had a mortgage of $7,000 on the same property subordinate and inferior to plaintiff's lien. Both mortgages also covered the fixtures, furniture and stock subject to the Piano's Company's right to sell and dsipose of the same in the ordinary conduct of its business. As the Bank's mortgage was not paid, a petition was filed setting up the mortgage and asked that the liens be marshaled and a receiver appointed. Shortly afterwards a received was appointed. A year afterwards the case was heard on the original petition and a cross-petition which had been filed by the Mortgage Co. The court found that the Bank had a first lien on the leasehold and buildings only and that the Mortgage Co. had a lien subordinate only to the lien of the Bank on the same property. An order of sale was then made. Then the Mortgage Co. filed a supplemental cross-petition, claiming that inasmuch as the money in the honds of the receiver was not sufficient to pay all the creditors, that the money in the receiver's hands be first applied to the payment of the Mortgage Co. before distribution be made upon the claims of general creditors. The Mortgage Co. based its right to this protection upon the ground that its mortgage not only covered the buildings, but the fixtures, furniture and goods contained therein as well. The court found against the Mortgage Co. and dismissed the petition. As an appeal was then prosecuted by the Mortgage Co., a motion to dismiss was filed by the receiver based upon the contention that a part of the case only could not be appealed. Held:

1. As the interest of the appellant and the receiver acting for the general creditors was separate and distinct from that of all others, that portion of the case which relates to them may be separately appealed under GC. 12231.

2. That the terms of the mortgage did not give the Mortgage Co. any prior rights over a general creditor to the furniture and goods belonging to the debtor.

2. That the terms of the mortgage did not give the Mortgage Co. any prior rights over a general creditor to the furniture and goods belonging to the debtor.

Attorneys—Young, Stocker & Fenner, for Mortgage Co.; Highley, for Receiver.

## No. 311
## RUTHVEN v. STATE OF OHIO
Ohio Court of Appeals, Cuyahoga County

INDICTMENT—(1) Motion to quash—(2) Sufficiency of the charge contained therein—(3) Fraudulent conversion of deposited bonds.

VICKERY, P. J.

### Epitomized Opinion

Ruthven was indicted for fraudulently converting to his own use $1500, which had been deposited with him for safekeeping. He had been conducting a bonding and depositing business, and one Danesh deposited with the accused Liberty Bonds to the value of $1500. Danesh was given a receipt for these bonds, which stipulated, according to his oral testimony, that the bonds could be used as collateral in the company's business, but were to be redelivered to the owner upon demand. In addition to the interest on the bonds, Danesh was to receive 4% interest for their use. About a year afterwards the owner demanded the bonds. Instead of returning the bonds, Ruthven took up the receipt and gave Danesh another in its place. The owner demanded the bonds from time to time, but was repeatedly put off by thea ccused. Finally, Ruthven told him he did not have them, and that he could not turn them over to him. After being indicted, a motion to quash the indictment was made by the accused upon the ground that the indictment was insufficient on its face. This motion being overruled, Ruthven was tried and convicted. He then prosecuted error. Held:

1. That the indictment was sufficient because the gravamen of the offense was the failure to return the bonds which had been placed in trust.

2. Inasmuch as the owner did not intend to part with the title to these bonds, the relationship between the parties was that of depositor and depositary, rather than creditor and debtor.

3. While the owner knew that the bonds were to be used, the accused had no power to use them in a way inconsistent with the owner's right and power to have them returned at any time.

Attorneys—Boyd, Cannon, Brooks & Wickham, for Ruthven; Stanton, for the State.